IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
AUG 15 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR. NO. 2:07-CR-176-WKW |
| ) | [18 U.S.C. § 2252A(a)(6); |
| v. ) | 18 U.S.C. § 2252A(a)(2); |
| ) | 18 U.S.C. § 2252A(a)(5)(B)] |
| JERRY ALAN PENTON ) | |
| ) | **INDICTMENT** |

The Grand Jury charges:

## COUNT 1

Sometime between on or about July 15, 2006, and on or about July 30, 2006, the exact date or dates being unknown to the Grand Jury, in Chilton County, within the Middle District of Alabama and elsewhere the defendant,

**JERRY ALAN PENTON,**

with the purpose of inducing a minor to participate in illegal activity, that is, the sexual abuse of minor family relative, did knowingly distribute, offer, provide, and send to a minor, visual depictions that were, and appeared to be, of a minor engaging in sexually explicit conduct, such visual depictions having been mailed, shipped or transported in interstate and foreign commerce by any means, including computer; and such visual depictions having been produced using materials that had been mailed, shipped, or transported in interstate and foreign commerce, including by computer; and whose distribution, offer, provision, and sending was accomplished using the mails and by transmitting and causing to be transmitted

a wire communication in interstate and foreign commerce, including by computer.

All in violation of Title 18, United States Code, Sections 2252A(a)(6)(A) and (B).

## COUNT 2

Sometime between on or about August 15, 2002, and on or about September 26, 2006, the exact date or dates being unknown to the Grand Jury, in Chilton County, within the Middle District of Alabama and elsewhere the defendant,

**JERRY ALAN PENTON,**

knowingly received and distributed child pornography that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by computer and knowingly received and distributed any material that contained child pornography that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (B).

## COUNT 3

On or about September 26, 2006, the exact date being unknown to the Grand Jury, in Chilton County, within the Middle District of Alabama and elsewhere the defendant,

**JERRY ALAN PENTON,**

knowingly possessed any material, book, magazine, periodical, film, videotape, and computer disk that contained images of child pornography that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by computer and that was produced using materials that have been mailed, and shipped and

transported in interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

A.     Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B.     Upon conviction for the violation as alleged in Counts 1, 2, or 3 of this indictment, the defendant,

### JERRY ALAN PENTON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

(1)    any visual depiction described in Title 18, United States Code, Section 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such offense;

(2)    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and,

(3)    any property, real or personal, used and intended to be used to commit and to promote the commission of such offense.

C.     If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant.

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred and sold to, and deposited with a third person;

3

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty; the United States intends to seek an order of this Court forfeiting any other property of said defendant up to the value of any property described in paragraph B above.

All in violation of Title 18, United States Code, Section 2252.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney

_____
CHRISTOPHER A. SNYDER
Assistant United States Attorney