# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CR. NO. 2:07-CR-176-WKW** |
| ) | |
| **JERRY ALAN PENTON** ) | |
| ) | |

## United States' Expedited Motion for an
## Immediate Stay of Magistrate's Release Order

The United States respectfully moves for an Immediate Stay of Magistrate Judge Wallace Capel's September 4, 2007 Order, which releases Defendant Jerry Alan Penton on bond in this case. As grounds for this Motion the United States notes:[1]

1. On August 15, 2007, a Grand Jury Sitting in the Middle District of Alabama returned a three-count Indictment against Penton. The Indictment charged Penton with: (1) providing a minor family relative with child pornography that had moved interstate commerce in order to sexually assault her and did sexually assault her; (2) distribution of child pornography; and (3) possession of child pornography.

2. The Indictment stems from a complaint of molestation in June, 2006 and subsequent search warrant conducted at Penton's residence in August, 2006. During the search, police found approximately 10 computers and numerous disks and CDs. Analysis

---

[1] This Motion only contains the preliminary facts necessary for the Court to determine this Motion for Stay. Once the United States has received a copy of the transcript in this case, it will file its Brief in Support with a detailed factual summary.

was later performed of the computers, disks, and CDs; it uncovered approximately 1800 suspected images of child pornography (along with at least one suspected video of child pornography) with over 100 known victims.

3.     Penton was arrested on state molestation charges while the computers were sent for forensic analysis. The State then released Penton on bond. After the computer analysis was completed, Penton was arrested on the Indictment in this case at the Chilton County library in Clayton, Alabama, on August 21, 2007. In his possession he had a new laptop, a camera phone, several thumb drives, and other computer equipment. Agents observed Penton using the laptop to surf the internet on the library's wireless internet connection.

4.     The United States then moved the next day for detention of Penton pending trial, invoking the presumption of detention that Congress provided in the Bail Reform Act for certain crimes involving minors. *See* 18 U.S.C. § 3142. The U.S. Probation Office then completed a Bail Report on Penton in which it also recommended detention pending trial.

5.     Two separate detention hearings were then held on August 27, 2007, and September 4, 2007. At the hearing, Tim Miller, an FBI agent, testified that when he was approaching Penton to arrest him, he observed Penton hit several key strokes before shutting down his laptop. According to Miller, an initial review of those computers revealed that the laptop's hard-drive was in the process of being wiped clean of data. Miller did find, however, two images of child erotica on Penton's telephone storage device. According to Miller, further investigation has been hampered because Penton had

employed shredding software and inscription codes on both the computers and the storage. The full forensic review of this new computer and these storage devices is pending.

6.      On both August 27, 2007, and September 4, 2007, the Court noted the United States had met its burden that Penton was a danger to the community. Nevertheless, the Court–over the objection of the United States–issued an order releasing Penton on a $25,000 personal appearance bond as well as on certain conditions, including home monitoring, including release to the third party custody of his parents, reporting to pre-trial services, among others. Until the electronic monitoring could be set up, however, the Court ordered that Penton remain in custody. Penton is currently in custody.

7.      The United States immediately ordered an expedited transcript of the hearing with the intention of appealing this decision. *See* 18 U.S.C. § 3145. In conversations with the Court's court reporter, it is the Government's understanding that the transcript is now near completion and should be available for review shortly. As a result, the United States is preparing a motion and memorandum of law in support of its request to revoke the Magistrate Judge's release order.

8.      Yesterday afternoon, however, the United States also learned that probation had neared its completion of its review of Penton's residence and would be releasing him shortly (most likely tomorrow morning). The United States therefore requests a stay of the execution of this Order so that the United States will have sufficient time to file its

Motion,² defense counsel will have an adequate amount of time to respond, and the Court will have sufficient time to review the briefs, and hold a de novo hearing on the matter, should it deem it necessary.

9. Stays are routinely granted in cases of this kind. Many times this is in the context of an appeal to courts of appeals. *See, e.g.*, *United States v. Mercedes*, 254 F.3d 433, 435 (2d Cir. 2001) (granting the "motion to stay the release order pending resolution of th[e] appeal"); *United States v. Alfonso*, 143 F.3d 772, 775 (2d Cir. 1998) (granting stay of release order and scheduling an expedited appeal); *United States v. Brannon*, 2000 WL 235237, *1 (10th Cir. 2000) (single judge granting stay); *United States v. Krilich,* 178 F.3d 859, 861 (7th Cir1999) (same); *see also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

10. Other times are when the magistrate's order is appealed to district courts. *See, e.g.*, *United States v. Hammond*, 204 F. Supp.2d 1157, 1161 (E.D. Wis. 2002) (noting that "[t]he government requested a stay of the release order pending appeal to this court and subsequently moved that the order be revoked, [and stating that the Court] granted the stay . . . ."); *United States v. Logan*, F. Supp. 199, 200 (D. Minn. 1997) (noting that the "Court entered an emergency Order staying the Magistrate's release Order pending hearing on the government's appeal.")

11. Some judicial districts even have local magistrate rules which account for this situation. *See, e.g.* S. D. Fla. Mag. R. 4(a)(2) (providing that once the Government appealed to the District Court for the Southern District of Florida, appellant is to held in custody pursuant to

---

² Case law dictates that the United States has 10 days to file an appeal under 18 U.S.C. §3145. *See, e.g.*, *Wood v. United States*, 391 F.2d 981 (D.C. Cir. 1968); *United States v. Tooze*, 236 F.R.D. 442 (D. Ariz. 2006).

an "automatic stay" provision in that court's local rules which provides for an automatic stay pending the government's appeal of a magistrate judge's release order."); *see also United States v. Torres*, 86 F.3d 1029, 1030 (11th Cir. 1996) (citing the S.D. Fla rule).

12.     For these reasons and based on this authority, the United States respectfully moves for a stay of Magistrate Capel's release order pending resolution of its appeal of the order.[3] A proposed order is attached.

Respectfully submitted this 11th day of September, 2007,

          LEURA G. CANARY
          UNITED STATES ATTORNEY

          /s/ Christopher Snyder
          CHRISTOPHER A. SNYDER
          Assistant United States Attorney
          131 Clayton Street
          Montgomery, AL 36104
          Phone: (334) 223-7280
          Fax: (334) 223-7135
          E-mail: christopher.a.snyder@usdoj.gov

---

[3]  The United States has contacted Penton's attorney on this matter prior to filing this motion, but has not been able to reach him for his position on this matter.

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 11, 2007, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Kevin Butler, Esq.

                                       /s/ Christopher Snyder
                                       CHRISTOPHER A. SNYDER
                                       Assistant United States Attorney