IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | CR. NO.  2:07-CR-176-WKW |
| ) | |
| **JERRY ALAN PENTON** ) | |

**United States's Brief in Support of Its
Appeal of Magistrate Judge's Release Order**

In supplementation of its Motion for Revocation of the Magistrate Judge's Release order, filed September 11, 2007, the United States submits the following Brief in Support. The Magistrate Judge's Order releasing Defendant Jerry Alan Penton should be revoked, and the Court should enter a new order detaining Penton pending trial.

**I.    Background**

On August 15, 2007, a Grand Jury sitting in the Middle District of Alabama returned a three-count Indictment against Penton.  The Indictment charged Penton with: (1) providing a minor relative with child pornography that had moved in interstate commerce in order to sexually assault her and did sexually assault her; (2) distribution of child pornography; and (3) possession of child pornography.

The Indictment stems from a complaint of molestation in June 2006 and subsequent search warrant conducted at Penton's residence in August 2006.  During the search, police found approximately 10 computers and numerous disks and CDs.  Analysis was later performed of the computers, disks, and CDs; it uncovered approximately 100

suspected images of child pornography (along with at least one suspected video of child pornography) with over 100 known victims.

Penton was arrested on state molestation charges while the computers were sent for forensic analysis. The State then released Penton on bond. After the computer analysis was completed, Penton was arrested on the Indictment in this case at the Chilton County library in Clayton, Alabama, on August 21, 2007. He had in his possession he had a new laptop, a camera phone, several thumb drives, and other computer equipment. Agents observed Penton using the laptop to surf the internet on the library's wireless internet connection.

The United States then moved the next day for detention of Penton pending trial, invoking the presumption of detention that Congress provided in the Bail Reform Act for certain crimes involving minors. *See* 18 U.S.C. § 3142. The U.S. Probation Office then completed a Bail Report on Penton in which it also recommended detention pending trial. Probation continues to recommend detention in this case.

Two separate detention hearings were then held on August 27, 2007, and September 4, 2007. At the hearing, Tim Miller, an FBI agent, testified that when he was approaching Penton to arrest him, he observed Penton hit several key strokes before shutting down his laptop. According to Miller, an initial review of those computers revealed that the laptop's hard-drive was in the process of being wiped clean of data. Miller did find, however, two images of child erotica on Penton's telephone storage device. According to Miller, further investigation has been hampered because Penton had

employed shredding software and inscription codes on both the computers and the storage. The full forensic review of this new computer and these storage devices is pending.

On both August 27, 2007, and September 4, 2007, the Court noted the United States had met its burden of showing that Penton was a danger to the community. Nevertheless, the Court–over the objection of the United States–issued an order releasing Penton on a $25,000 personal appearance bond as well as on certain conditions, including home monitoring and release to the third party custody of his parents, as well as reporting to pre-trial services, among others. Until the electronic monitoring could be set up, however, the Court ordered that Penton remain in custody. Penton is currently in custody.

## II.    BASIS AND STANDARD FOR THIS COURT'S REVIEW

The United States seeks revocation of the Magistrate Judge's release order of Penton, dated September 4, 2007, pursuant to 18 U.S.C. § 3145(a)(1).[1] This Court's review of a Magistrate Judge's bail order must be *de novo*, and "the Court must make an independent determination of the proper pretrial detention or conditions for release."[2] In

---

[1] "If a person is ordered released by a magistrate judge . . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . .." 18 U.S.C. § 3145(a)(1).

[2] *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir.1992); *see also United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990)*; United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985);*; United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985); *United States v. Stewart*, 19 Fed.Appx. 46, 48 (4th Cir. 2001).

other words, the Court should "review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference."[3]

In so doing, the district court may hold additional evidentiary hearings, although it is not required to do so.[4] Because the rules of evidence do not apply at a pretrial detention hearing,[5] it is permissible for the Government or Penton to introduce a transcript of the Magistrate's hearing conducted and then, if desired, supplement that transcript with additional evidence and/or proffer.[6] Such a procedure has been previously followed in this district and advances judicial economy.

## III.    ARGUMENT

Penton should be detained; he is a danger to children and to the community at large. Normally, a person may be released on bail when awaiting trial.[7] In certain cases, however, Congress has seen fit to provide the Government with ability to seek detention for "the most serious of crimes."[8] Penton has been charged with three such serious crimes

---

[3] *Koenig*, 912 F.2d at 1193.

[4] *Id.*

[5] 18 U.S.C. § 3142(f).

[6] *Id.*

[7] 18 U.S.C. § 3142(c).

[8] *United States v. Salerno*, 481 U.S. 739, 747 (1987) (citing 18 U.S.C. § 3142(f)).

– possession of child pornography,[9] providing a minor family relative with child pornography that had moved in interstate commerce in order to sexually assault her,[10] and distribution of child pornography.[11] Moreover, while not charged, Penton has engaged in obstructionist acts, which Congress also considers to be serious and detainable.

Penton's charged crimes are serious for two reasons. First, Congress considered them to be crimes of violence,[12] thus permitting detention. And, second, these charges are considered serious because they involve a minor victim.[13] More importantly, Congress considered this latter category of crimes so serious that not only did it permit detention, but Congress also mandated that if such a crime is charged, then the Court is to presume that no condition or combination will assure the safety of the community and Penton's appearance as required.[14]

This presumption may rebutted only if Penton produces some rebuttal evidence.[15] If he does, then the Court must determine whether any condition or combination of

---

[9] Violating 18 U.S.C. § 2252A(a)(5)(B).

[10] Violating 18 U.S.C. § 2252A(a)(6).

[11] Violating 18 U.S.C. § 2252A(a)(2).

[12] 18 U.S.C. § 3142(f)(1)(A), (describing a which describes a situation where the offense involved is a crime of violence. As defined in 18 U.S.C. § 3156(4)(C), "any felony under chapter 109A, 110, or 117" of Title 18 is a crime of violence. Both §§ 2252A(a)(2) and (a)(5)(B) are felonies under chapter 110.

[13] 18 U.S.C. § 3142(e).

[14] *Id.*

[15] *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (noting that the presumption shifts the burden of production to the defendant, but the government maintains the burden of persuasion); *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991).

conditions will reasonably assure the safety of the community and the appearance of the defendant as required.[16] The "lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community [, however, will justify detention]; both are not required."[17]

In this case, the Magistrate Judge found that the presumption had been rebutted. The Government disagreed with this decision. Nonetheless, even if the finding of a rebuttal were correct, the Magistrate Judge should still have detained Penton because the United States's evidence demonstrates by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community.[18]

**A.    There Are No Conditions Which Will Reasonably Assure the Safety of Community and of Children.**

There are no conditions or combination of conditions that will assure the safety of the community and children. In determining whether there are conditions of release that will reasonably assure the safety of any other person and the community, the Court must take into account the following: (1) the nature and seriousness of the offense charged, including whether the charged crime is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person; and (5) the nature

---

[16] 18 U.S.C. § 3142(e).

[17] *Fortna*, 769 F.2d at 249 (emphasis removed) (citations omitted); *King*, 849 F.2d at 488.

[18] *See United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990) (standard of proof); *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (same); *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). Risk of flight, however, need only be proved by a preponderance of the evidence.

and seriousness of the danger to any person or the community that would be posed by the defendant's release.[19] Of these factors, the weight of the evidence is the least important.[20]

Additionally, in a presumption case like this, even if the presumption is rebutted, "rather than disappearing altogether, it continues to be weighed along with other factors to be considered when deciding whether to release a defendant."[21]  Indeed, "[i]n making its ultimate determination, . . . [this Court] may still consider the finding by Congress that . . . [those who sexually exploit children] pose a special risk of flight and dangerousness to society."[22]  As one of the signors of the Act that created this presumption noted:  "we must ensure that . . . that sexual predators are not allowed to slip through the cracks of a system and harm other children."[23]

---

[19] 18 U.S.C. § 3142(g); *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)..

[20] *Gebro*, 948 F.2d at 1121. This is because "the statute neither requires nor permits a pretrial determination of guilt." *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1408.

[21] *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) (discussing the identical narcotics case presumption contained in 18 U.S.C. § 3142(e)); *see also United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988) (Even if the defendant presents contrary evidence, the Court should weigh the presumption in favor of pretrial detention as one of the factors to be considered along with those set forth in 3142(g)); *Quartermaine*, 913 F.2d 910, at 916 ("The presumption becomes evidence to be considered along with other evidence listed in the Act as indicative of risk of flight or danger to the community."); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (the presumption is not "a mere bursting bubble that totally disappears from the judge's consideration after the defendant comes forward with evidence."); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985) (the presumption continues to weigh in the balance against bail).

[22] *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (discussing identical narcotics case presumption); *United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991).

[23] 149 Cong. Rec. H2405-05, H2405 (daily ed. March 27, 2003) (statement of Rep. Sensenbrenner).

All of these considerations weigh heavily toward finding that the detention of Penton is warranted. In fact, the Magistrate Judge noted several times that it believed that Penton was a danger to the community by clear and convincing evidence.

**1.    Nature and Seriousness of Penton's Crime.**

Penton is charged with one of the most serious federal crimes pertaining to the sexual exploitation of children.  Not only did he sexually abuse seven- and nine-year-old girls, but he also used the Internet to facilitate these crimes.  Congress feels so strongly about this particular crime that they have now imposed a 5 year mandatory minimum sentence for such acts with a 20 year maximum.  Moreover, Penton is charged with the distribution of child pornography, which contains similarly harsh penalties.  Both are considered crimes of violence.[24]  Moreover, the United States intends to seek nuclear sentencings for these charges, which if granted by the Court, would increase Penton's range to a minimum of 15 years and a maximum of 40 years incarceration.[25]

Not only are these acts serious, but "the 'victimization' of the children involved does not end when the camera is put away."[26]  Penton's viewing and collecting these images, which depict actual children involved in sexual acts, contributes indirectly to the harm inflicted on that child by creating a demand for more of the images. These viewers

---

[24] *See* 18 U.S.C. § 3156.

[25] Evidence on Penton's new computer may also additional charges.  Forensic analysis of that computer is pending.

[26] *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998).

contribute to the cycle of abuse and are in part responsible for the psychological and physical harm of the children used to produce the images.[27] Child pornography invariably produces great shame and guilt in the children involved, especially as they get older, more fully comprehend the enormity of their abuse, and know that there is a permanent record of their degradation out there, circulating around for people to see.

### 2.     The Weight of the Evidence.

While this is the least important factor, the weight of the evidence against Penton is still very strong.[28] Testimony at the detention hearing showed that in June 2006, after Penton showed his minor victim child pornography on a website, he proceeded to pull her pants down and molest her, while he was gratifying himself.  Testimony also showed that this was not the first time this happened; on a prior a prior occasion around this time, Penton had her "scratch" his penis.  Testimony also showed that Penton engaged in questionable behavior with another minor female victim involving the touching of his penis to her forehead.

Testimony at the hearing also showed that on computers and disks at the Penton household there were approximately 1,800 suspected images of child pornography and at least one suspected video, dating back to at least 2002.  Testimony indicated that agents had spoken with Penton's wife and 15-year-old daughter, both of whom gave statements

---

[27] *United States v. Yeaple*, 605 F.Supp. 85, 86 (D. Pa. 1985),

[28] *Gebro*, 948 F.2d at 1121. This is because "the statute neither requires nor permits a pretrial determination of guilt." *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1408.

that they did not know anything about child pornography on these computers. The testimony regarding Penton's other children showed that they were too young to have engaged in this long term behavior of collection of child pornography. Testimony at the hearing also showed that a forensic analysis of the computers showed uploading and downloading of images to and from the Internet.

### 3.     The History and Characteristics

The third factor to consider is the defendant's personal history and character. The defendant is a U.S. citizen and has only non-felony prior criminal contact.

### 4.     The Nature and Seriousness of the Danger to Children and the Community.

Defendant has engaged in a pattern of sexually abusing a prepubescent minor and recently exhibited a willingness to use obstruction to conceal his crimes. The evidence shows that he has demonstrated the typical behavioral characteristics of a preferential child sex offender and that he poses a real and continuing danger to the community and represents a risk of re-offending if released into the community. Despite having a search warrant executed at his house and having a computer and storage media seized, the defendant made the decision to go out and acquire more computers and a camera phone and obtain at least two images of child erotica. Moreover, he has posted a web page taunting federal investigators.

Penton at a minimum has illustrated a lack of judgment and an inability to control his impulses when it comes to this type of material. While there is no evidence at this

point to indicate the defendant has sexually assaulted a child, the step from collecting to hands-on contact with a child, especially over the protracted period based upon the charges in the indictment, is not a large step, nor an illogical one. Moreover, with a crime of violence involving the sexual exploitation of children, there are grave concerns regarding the safety of the community and children in particular. The concern regarding contact with minor children, the Government's suggests, is not alleviated by directing this thirty-six-year old man to reside with his older parents (who are part-time residents of Florida) and directing them to be his third party custodian.

A judicial officer determining whether detention is appropriate for a defendant is "required to balance that probability [of re-offending] <u>and</u> the consequences of those potential acts . . . one cannot discount the significant and lasting psychological effects on minors who fall victim to predators like the defendant." (emphasis in original). As the Magistrate Judge himself noted, Penton is a danger to the safety of the community.

### B.   Conclusion

Penton poses a danger to the safety of the community (particularly children) and to the child victim in this case, and no conditions of release will assure the safety of the community and children.[29] During the time since he was released on bond on state

---

[29] The Magistrate Judge felt that there were a combination of conditions, to prevent such danger, namely, that Penton would require direct monitoring of his activities twenty-four hours a day. The Government submits that a third party custodian, who is his own family member, could not reasonably assure the Court that Penton "will not pose a danger to the safety of the community." At risk are children in Penton's own community and any minor relatives or children of family friends that he may have. Moreover, as the Probation Office will explain, there is no way to assure that children will not come to his residence. Moreover, if Penton were

charges, Penton has obtained other computers, camera phones, and storage devices. At a minimum, Penton has either been e-mailed or taken two pictures of child erotica. Because of what the Government believes to be Penton's obstructionist behavior, it has been unable to determine if there are more images on these computers at this time. As the analysis of these computers continues, the Government may indeed find more child pornography.

Penton had been given a chance on bond in the state court and engaged in these behaviors. "Detaining adults who prey on children for the adult's sexual gratification or for the production of child pornography is ... a legitimate government objective. One of the fundamental duties of government is public safety, including protecting children from sexual predators."[30] Penton must not be given another chance to harm another child.

Respectfully submitted this 18th day of September, 2007,

                                        LEURA G. CANARY
                                      UNITED STATES ATTORNEY

                                      /s/ Christopher Snyder
                                      CHRISTOPHER A. SNYDER
                                      Assistant United States Attorney
                                      131 Clayton Street
                                      Montgomery, AL 36104
                                      Phone: (334) 223-7280
                                      Fax: (334) 223-7135
                                      E-mail: christopher.a.snyder@usdoj.gov

---

to leave the residence, there is no way for Probation to track him.

[30] *Abad*, 350 F.3d at 797.

## CERTIFICATE OF SERVICE

      I hereby certify that on September 18, 2007, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Kevin Butler, Esq.

                                  /s/ Christopher Snyder
                                  CHRISTOPHER A. SNYDER
                                  Assistant United States Attorney