IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:07-CR-176-WKW |
| ) | |
| JERRY ALAN PENTON ) | |

**United States's Response in Opposition to Reopening the Detention Hearing**

The United States objects to Defendant Jerry Alan Penton's Motion to Reopen the Detention Hearing. The information contained in the Motion is not considered "new evidence" as that term is understood in the context of a Motion to Reopen. Moreover, even if it were (which it is not), it does not materially change the conclusions that the Court came to in its September 29, 2007 Detention Order. As a result no new detention hearing is warranted, Penton's motion should be denied, and he should be ordered to remain in custody pending trial.

**I.   BACKGROUND**

On August 15, 2007, a Grand Jury sitting in the Middle District of Alabama returned a three-count Indictment against Penton. The Indictment charged Penton with: (1) providing a minor relative with child pornography that had moved in interstate commerce in order to sexually assault her and did sexually assault her; (2) distribution of child pornography; and (3) possession of child pornography.

On September 29, 2007, this Court ordered Penton detained pending trial. In so

doing, the Court considered extensively the four statutory factors of 18 U.S.C. § 3142(g), including (1) the nature and circumstances of the charged offenses, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, in addition to the fact that Penton has been charged with a presumptive offense.[1]

At that time the Court held that "The only significant evidence proffered by the defendant to rebut the government's evidence is that his parents have agreed to supervise him and obey the court's restrictions while he is under confinement at their home and that 'sometimes' there is a 'pretty good' cell phone signal at their home."[2]

The Court found that this was insufficient to overcome the presumption for detention established for Penton's charged offense. Additionally, the Court noted that even if the presumption had been rebutted, Penton still should be detained:

> As noted, the evidence presented by the defendant is insufficient to overcome this presumption. Even had the defendant sufficiently rebutted this presumption, however, this court remains convinced that upon consideration of the following four statutory factors, along with the presumption which remains in the case as an evidentiary finding, the court must order the detention of the defendant prior to his trial.[3]

Penton now would like the Court to reopen his detention hearing in order to

---

[1] Doc. 29 at 2, 4-9.

[2] *Id.* at 3.

[3] *Id.* at 4.

establish that he has found a new residence at which he could reside pending trial and that he has found possible employment at an appraisal company.

## II.   ARGUMENT

This, however, does not meet the standard to reopen a detention hearing.  Even if it did, this evidence should not change the Court's decision to detain Penton.  "A detention hearing is to 'be reopened' only 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'"[4]  "This provision has been interpreted 'strictly' so as to deny a reopening when the evidence was available at the prior hearing."[5]

Thus, a defendant must establish two essential elements before the issue of detention may be reopened: 1) that information now exists that was not known or available to a defendant at the time of the initial hearing; and 2) the new information is material to

---

[4] *United States v. Wittenmyer*, No. 00-40024-14-SAC, 2001 WL 968406, *3 -4 (D. Kan. July 6, 2001) (citing 18 U.S.C. § 3142(f)).

[5] *Id.*; *see also United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir .1991) (information in affidavits and letters was available at initial hearing); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989) (testimony of family and friends is not new evidence); *United States v. Friel*, 436 F.Supp.2d 187, 188 (D.Me. 2006); *United States v. Ward*, 235 F.Supp.2d 1183, 1185 (N.D. Okl. 2002) (in denying a motion to reopen the issue of pretrial detention, observed that "the proffered information about Defendant's background, ties to the community and employment history were all known" at the time of the detention hearing); *United States v. Bowens*, Case No. CR-07-544-2-PHX-ROS (ECV), 2007 WL 2220501, *1 -2 (D. Ariz. July 30, 2007) *United Stats v. Roberts*, Case No. 3:98-CR-121, 2007 WL 30889, *1 (E.D.Tenn.) (E.D.Tenn. Jan 4. 2007); *United States v. Cervantes*, Case No. 06-cr-431-MSK, 2007 WL 685699, *2 (D. Colo. Jan.3 2007).

release conditions regarding flight or dangerousness.[6] The rationale for the rule is discussed in *United States v. Flores*,[7] in which the defendant's motion to reopen detention hearing was also denied:

> There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held. Generally, reconsideration of a decided matter based on the presentation of additional evidence requires good cause for the failure to present that evidence initially. *See, e.g.*, Fed.R.Civ.P. 60(b); *United States v. Oliver,* 683 F.2d 224 (7th Cir.1982) (failure to exercise diligence in locating witnesses before criminal trial precludes new trial based on newly discovered evidence). A rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice.[8]

Because Penton's proffered evidence was readily available and would not otherwise change the outcome, his Motion should be denied without a hearing.

**A.     Penton Either Knew About the "New Evidence" That He Now Proffers or It Was Previously Available to Him.**

Penton either knew about the evidence that he now proffers–essentially testimony from family that he could reside at his grandmother's home with adult supervision and that he could be employed–or it was available to him to present during the first detention hearing. In a similar case, *United States v. Hare*,[9] the Fifth Circuit affirmed a district

---

[6]*Hare,* 873 F.2d 796.

[7] 856 F.Supp. 1400 (E.D.Cal.1994).

[8] *Id.* at 1406.

[9] 873 F.2d 796 (5th Cir.1989).

court's decision not to grant defendant's motion for a second evidentiary hearing on the issue of pretrial bail. In that case, defendant desired to present in the second hearing the testimony of his mother, sister, and a friend that he had appeared in court when ordered in prior prosecutions. The court held that this testimony of family was not new information within the meaning of § 3142(f).[10] In fact, Penton provided similar evidence at the original detention hearing, which the Court found unpersuasive to rebut the presumption. Thus, because this is not new evidence and it was certainly available to Penton, the Court should not reopen the detention hearing in this case.

**B.    Penton's "New Evidence" Does Not Materially Change the Court's Prior Conclusion on His Danger to the Community.**

Even if Penton's proffered information were to be characterized "new information" (which it is not), the weight of that information is not sufficient to warrant a different result on the issue of pretrial detention. "The mere presentation of some evidence contrary to the presumption in § 3142(e) does not automatically destroy it and, in making its ultimate decision, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."[11] Rather, the evidence must be material to either dangerousness or flight.[12]

---

[10] *Id.* at 799.

[11] *United States v. Bennett*, Case No. 94-6590, 1995 WL 25412 (6th Cir. Jan. 23, 1995); *see also Hare*, 873 F.2d at 798. *United States v. Sandles,* 9 Fed.Appx. 377, 379 (6th Cir.2001); *Cervantes*, 2007 WL 685699, at *2.

[12] *Hare,* 873 F.2d at 798.

Penton's information changes nothing. His evidence only goes towards rebutting the presumption. There is no alleged "new evidence" regarding his dangerousness. And, as the Court previously noted in its Order, even if Penton's evidence does rebut the presumption, the Court "remains convinced that upon consideration of the following four statutory factors, along with the presumption which remains in the case as an evidentiary finding, the court must order the detention of the defendant prior to his trial." Thus, because Penton's evidence, even if it were new, would not change anything, his Motion should be denied.

### III. CONCLUSION

There is no need to reopen the issue of detention in this case. Penton poses a danger to the safety of the community (particularly children) and to the child victim in this case, and no conditions of release will assure the safety of the community and children. Nothing in Penton's "new evidence" changes this conclusion. Penton's motion should be denied, and he should be ordered to remain in custody pending trial.

Respectfully submitted this 11th day of March, 2008,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on March 11, 2008, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Kevin Butler, Esq.

                /s/ Christopher Snyder
                CHRISTOPHER A. SNYDER
                Assistant United States Attorney