IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No. 2:07-cr-0176-WKW [wo] |
| ) | |
| JERRY ALAN PENTON ) | |

**ORDER**

This cause is before the court on the defendant's Motion to Reopen Detention Hearing & Request for Evidentiary Hearing (Doc. # 36) which was filed on February 21, 2008. The government filed its response (Doc. # 40) in opposition on March 11, 2008. Having reviewed the briefs of the parties and the applicable law, the court finds the defendant's motion is due to be denied for the reasons set forth below.

Under 18 U.S.C. § 3142(f), a pretrial detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists [1] that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the . . . safety of any other person and the community." In his motion, the defendant informs the court that he "has been able to secure another residence" at his grandmother's home where monitoring conditions would be less problematic than his first proposed residence. (Doc. # 36 ¶ 7.) He also states his grandmother and other family members are available to stay at the residence to monitor him at all times.[1] (*Id.*)

By the plain language of the statute, the defendant must show both that the information was not known to him at the time of the hearing and that it has a material bearing on assuring the safety

---

[1] The defendant also informs the court he has been able to secure employment were the court inclined to release him with conditions allowing him to work. (Doc. # 36, at 3 n.1.)

of the community. First, proposing to have family members stay at the house with him at all times is not new information. During the evidentiary hearing, the defendant's mother testified that she or her husband would be at the residence at all times. (Mot. Hr'g 42:7-10, Sept. 18, 2007.) Second, the defendant does not provide any evidence or even an explanation as to why the availability of this residence – which belongs to a close family member – was not known to him at the time of the detention hearing. Therefore, the court finds the defendant has not satisfied the first element required by 18 U.S.C. § 3142(f) even if the information is true.

The defendant has also failed to satisfy the second statutory element because the information does not have a material bearing on the court's original determination that no conditions of release exist that reasonably assure the community's safety. This court's previous order stated five reasons why the defendant failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no conditions assured the safety of the community. (Doc. # 29, at 3.) Of the five reasons given, only one of them – the rural location of the proposed residence and its poor cell phone service – would be affected in any way by the information now presented to the court. Rebutting one of five reasons – and leaving intact the reason found most important to the court – does not have a material bearing on the court's previous decision that the defendant cannot overcome the statutory presumption.

Furthermore, even assuming the statutory presumption could be successfully rebutted, three[2] of the four statutory factors applied by the court would not be affected in any way by the defendant's proposed new residence. The only statutory factor possibly affected would be the nature and seriousness of the danger to the community, and that is because, in part, the court considered the

---

[2] The three statutory factors that are not affected are the nature and circumstances of the charged offense, the weight of the evidence, and the history and characteristics of the defendant. (Doc. # 29, at 4-6.)

2

assigned probation officers' recommendation against release based on the defendant's previous proposed residence. (Doc. # 29, at 9.) Even for this factor, the defendant's information does not address the court's grave concerns regarding the nature of the charged crimes combined with the ubiquitous presence of the internet and the defendant's technical sophistication. As the court made clear, the probation officers' recommendation was just that – a recommendation. Were that recommendation to change as a result of the information now presented by the defendant, the court's decision would remain unchanged based on the other grounds discussed with respect to that factor. Consequently, even if the information proffered by the defendant is true, it fails to satisfy the requirements of 18 U.S.C. § 3142(f) and an evidentiary hearing is neither necessary or appropriate. Therefore, it is ORDERED that the defendant's motion to reopen the detention hearing (Doc. # 36) is DENIED.

DONE this 20th day of March, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE