IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | CR. NO.  2:07-CR-176-WKW |
| ) | |
| **JERRY ALAN PENTON** ) | |

**United States's Unopposed Motion to Continue Trial**

The United States respectfully requests the Court to continue the case against Defendant Jerry Alan Penton until the Court's next trial term. Penton does not oppose this request and joins in this Motion. It requests this relief for the following reasons:

1. On August 15, 2007, a Grand Jury Sitting in the Middle District of Alabama returned a three-count Indictment against Penton. The Indictment charged Penton with: (1) providing a minor family relative with child pornography that had moved in interstate commerce in order to sexually assault her and did sexually assault her; (2) distribution of child pornography; and (3) possession of child pornography.

2. The evidence in this case is very complex. First, the Indictment stems from a complaint of molestation in June 2006 and subsequent search warrant conducted at Penton's residence in August 2006. During the search, police found approximately 10 computers and numerous disks and CDs. The evidence seized has a variety of technical aspects with computers, networks, and file-sharing programs. Second, there will be difficult issues regarding the testimony from two minor children.

3. In regard to the computer issues, the United States had forensic evidence analyzed by the FBI forensic laboratory in Pocatello, Idaho. Additionally, to deal with other technical issues, prepare for trial presentation of computer evidence, and to answer other computer-related questions, the United States has relied on consulting expert Barbara Wardriski from the FBI Mobile Field Office. Within the last two and one-half weeks, Ms. Wardriski was ordered to an unexpected assignment to assist with technical and computer-related issues in support of FBI counter-terrorism in Iraq. Ms. Wardriski is currently in Iraq and will be on assignment until the beginning of October.

4. Because of Ms. Wardriski's prior dealings and knowledge about the technical issues with this case, and because of the few number of similarly-trained personnel available in the state of Alabama, it would be extremely difficult and impractical to obtain another person to assist the United States in trial preparation and the presentation of computer evidence to the jury. Therefore, the United States requests a continuance of the case until the Court's next trial term. Penton agrees and likewise would like additional time in order to prepare for the complexities of this case.

5. Moreover, in regard to the child related issues, Penton has advised the United States that it intends to obtain an expert forensic child psychologist, but has had difficulty obtaining one to deal with these issues. In order to retain such an expert, Penton requests a continuance as well.

6. Furthermore, the parties have for the last several months been engaged in active plea discussions. Up until recently, discussions have hit an impasse. However, Penton,

through counsel, informed the United States today that the state of Alabama has agreed to run whatever state conviction he obtains consecutive to his federal sentence. The parties hope that, although do not know at this time, whether this new piece of information will allow the parties to finally reach a plea resolution. Nonetheless, both parties would like additional time to explore continued plea discussions.

7.      Normally, the granting of a continuance is left to the sound discretion of the trial judge,[1] however, the Court is limited by the requirements of the Speedy Trial Act.[2] The United States, therefore, requests that this case be continued for several reasons, each of which is authorized by the Speedy Trial Act.

8.      First, the case should be continued, and the days excluded from the Speedy Trial calculation because of the complexity of the case, which would be impracticably complex for the parties and the court if the United States was required to prosecute the case without its consulting computer expert, Ms. Wordiski.[3] As a result, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[4] Additional complexities exist because of the issue of child witnesses. Finally, the ends of justice are served because of the potential to have this case resolved prior to trial.

Because the ends of justice are best served with a continuance, the Government and

---

[1] *United States v. Stilzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).

[2] 18 U.S.C. § 3161.

[3] *Id.* § 3161(h)(8)(B)(ii).

[4] *Id.* § 3161(h)(8)(A).

Penton respectfully request that the Court continue this case to the Court's next trial term.

Respectfully submitted this 30th day of July, 2008,

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, AL 36104
        Phone: (334) 223-7280
        Fax: (334) 223-7135
        E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Kevin Butler, Esq.

        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney